IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL K. THOMAS, #243760, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-453-MHT |
| | ) |
| JEFFERSON DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Daniel K. Thomas ("Thomas"), an indigent state inmate presently incarcerated at the Kilby Correctional Facility ("Kilby"). In the complaint, Thomas alleges that the defendants have failed to ensure proper sterilization of hair clippers and further challenges the adequacy of notary services provided at Kilby. Upon initiation of this case, Thomas filed a motion for preliminary injunction in which he seeks injunctive relief requiring the defendants to furnish him a personal razor which he can use "under supervision" and "to have a captain supervise the notary service...." *Doc. No. 3* at 1.

On June 29, 2015, the court entered an order directing the defendants to show cause why Thomas' motion for preliminary injunction should not be granted. *Doc. No. 6*. The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that they have taken no actions against Thomas in violation of his

constitutional rights. Specifically, the defendants maintain that proper chemicals are used to sanitize the hair clippers and a notary is available at the facility to notarize appropriate documents for inmates.

Upon review of the motion for preliminary injunction and the response thereto filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Thomas demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is

issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In their response to the motion for preliminary injunction, the defendants assert that the hair clippers subjected to appropriate sterilization procedures. *Exh. A to the Defendants' Response (Aff. of Phyllis Billups) - Doc. No. 14-1* at 1-2 ("The clippers are being properly disinfected by using a disinfectant product called Andis Cool Care plus. This disinfectant does in fact kill HIV (AIDS Virus) on pre-cleaned environmental surfaces/objects previously soiled with blood and body fluids. After the disinfectant has been applied to the clipper blades, the clippers are allowed to sit at least ten (10) minutes prior to the next use as

directed.  Also the Barbicide disinfectant that the clippers are immersed in for ten (10) minutes is an EPA registered disinfectant that is effective against HIV and Hepatitis C Virus.").  With respect to the claim regarding notary services, the defendants maintain that Thomas is permitted access to a notary for notarization of documents which meet the requisite elements for such process.  *Exh. E to the Defendants' Response (Aff. of Wendy Moncrief) - Doc. No. 14-5* at 1-2 ("While in the Segregation Unit Office [to notarize documents for segregation inmates], inmate Daniel Thomas ... presented to me four (4) sheets of paper that were blank and requested for me to notarize them.  I advised inmate Thomas that I am unable to notarize paperwork that does not contain any written contents on them.... Inmate Thomas alleges that I read all of the inmate legal work and will not notarize it if I do not like it.  This is not true.  I always ensure that inmates have not pre-signed their paperwork and if they are pre-signed, I advise the inmates that I must witness their signature and date being signed on the paperwork that they present to me to be notarized....  I do not discuss the inmates affidavits [with correctional officials].").  Moreover, it is clear that the alleged failure of Ms. Moncrief to notarize the documents submitted to her did not in any way prejudice Thomas in filing his complaint, supporting affidavit or motion for preliminary injunction with this court as he signed these documents under penalty of perjury in accordance with 28 U.S.C. § 1746.  This section specifically allows the use of unsworn declarations given under penalty of perjury in lieu of a notarized signature or affidavit. *Carter v. Clark,* 616 F.2d 228, 230 (5th Cir. 1980)  Consequently, since prisoners are not

prejudiced by the filing of unsworn declarations under penalty of perjury, there is no constitutional right to notary services. *See Kendrick v. Bland*, 586 F.Supp. 1536, 1554 (D.C. Ky. 1984); *Duncan v. Foti*, 828 F.2d 297, 297-298 ((5th Cir. 1987) (holding that given the alternative permitted by 28 U.S.C. § 1746 the failure to provide notary services to an inmate did not preclude inmate from filing a federal request and, therefore, inmate failed to state a claim for relief under 42 U.S.C. § 1983).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Thomas has failed to demonstrate a substantial likelihood of success on the merits of his claims. Thomas likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an adverse impact on correctional officials in their ability to effectively manage the facility. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Thomas has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before August 3, 2015**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 20th day of July, 2015.

                             /s/Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE