IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL K. THOMAS, #243760, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-453-MHT |
| | ) |
| JEFFERSON DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Daniel K. Thomas ("Thomas"), an indigent state inmate, currently incarcerated at the Limestone Correctional Facility. In the complaint, Thomas alleges that during a prior term of confinement at the Kilby Correctional Facility the defendants failed to ensure proper sterilization of hair clippers and challenges the adequacy of notary services provided at such facility. *Complaint - Doc. No. 1* at 5.

Pursuant to the orders of this court, the defendants filed written reports supported by relevant evidentiary materials in which they address the claims for relief presented by Thomas. The reports and evidentiary materials refute the allegations presented by Thomas, and indicate that hair clippers are properly sterilized prior to use on inmates and that Thomas had access to a notary for notarization of properly completed paperwork.

In light of the foregoing, the court issued an order directing Thomas to file a

response to the defendants' written reports. *Order of August 18, 2015 - Doc. No. 27*. The order advised Thomas that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Thomas for filing a response in compliance with the directives of this order expired on September 8, 2015. As of the present date, Thomas has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate but finds that dismissal of this case is the proper course of action at this time. Thomas is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Thomas' inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case even in the face of the evidentiary materials submitted by the defendants which indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Thomas' compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his

claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that **on or before October 7, 2015** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C<small>IR</small>. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of September, 2015.

                /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE